[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Duke Energy Ohio, Inc.*, Slip Opinion No. 2025-Ohio-2082.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2082

IN RE APPLICATION OF DUKE ENERGY OHIO, INC., FOR AN INCREASE IN ITS NATURAL GAS RATES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Duke Energy Ohio, Inc.*, Slip Opinion No. 2025-Ohio-2082.]

*Public utilities—Jurisdiction properly invoked because notice of appeal was timely filed within 60 days of "the entry upon the journal of the commission of the order denying an application for rehearing" under R.C. 4903.11— Intervening appellee's motion to dismiss denied.*

(No. 2024-1505—Submitted February 28, 2025—Decided June 17, 2025.)

APPEAL from the Public Utilities Commission, Nos. 22-507-GA-AIR, 22-508-GA-ALT, 22-509-GA-ATA, and 22-510-GA-AAM.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, HAWKINS, and SHANAHAN, JJ., joined. BRUNNER, J., dissented. DETERS, J., did not participate.

**DEWINE, J.**

**{¶ 1}** This case is before us on a motion to dismiss for lack of jurisdiction. The Office of the Ohio Consumers' Counsel ("OCC") appealed an order of the Public Utilities Commission of Ohio ("PUCO") granting Duke Energy Ohio, Inc.'s combined application to increase natural gas distribution rates and for approval of an alternative-rate plan. Duke Energy has moved to dismiss the appeal for lack of subject matter jurisdiction, arguing that the OCC failed to timely file a notice of appeal.

**{¶ 2}** We deny the motion to dismiss. Under the terms of the jurisdictional statute governing this case, R.C. 4903.11, the OCC properly invoked this court's jurisdiction. That statute provides that a party may appeal within 60 days "after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing or, if a rehearing is had, of the order made after such rehearing." R.C. 4903.11. Here, PUCO journalized a denial of the OCC's application for rehearing on September 4, 2024, *see* 2024 WL 4109993 (Sept. 4, 2024), and the OCC filed its notice of appeal in this court on October 25. Because the OCC appealed within 60 days of "the entry upon the journal of the commission of the order denying an application for rehearing," its appeal is timely.

### *Background*

**{¶ 3}** To understand Duke Energy's motion to dismiss, it is necessary to start with this court's decision in *In re Application of Moraine Wind, L.L.C.*, 2024-Ohio-3224. In *Moraine Wind*, we put an end to PUCO's long-standing practice of illegally granting itself extensions to decide applications for rehearing. The statute at issue in *Moraine Wind* provides that an application for rehearing is denied by operation of law when PUCO does not grant or deny the application within 30 days. R.C. 4903.10(B). To get around this deadline, PUCO had developed a "general

practice" of issuing tolling orders by which it granted rehearing solely for the purpose of deciding whether to grant rehearing. *See Moraine Wind* at ¶ 9. In our August 27, 2024 decision in *Moraine Wind*, we made clear that PUCO had no authority to extend its statutory deadline for granting or denying an application for rehearing by issuing tolling orders. *See id.* at ¶ 27.

{¶ 4} The OCC's application for rehearing in this case was pending before PUCO when *Moraine Wind* was decided. Previously, on November 1, 2023, PUCO granted Duke Energy's application to increase natural gas distribution rates and for approval of an alternative-rate plan. 2023 WL 7301331, *22 (Nov. 1, 2023). The OCC filed an application for rehearing on December 1, 2023. Following the same practice that it had employed in *Moraine Wind*, PUCO issued a tolling order on December 13, purporting to give itself an extension to decide the OCC's rehearing application. *In re Application of Duke Energy Ohio, Inc.*, PUCO Nos. 22-507-GA-AIR, 22-508-GA-ALT, 22-509-GA-ATA, 22-510-GA-AAM, 2023 WL 8716439, *1 (Dec. 13, 2023). But—as our subsequent decision in *Moraine Wind* made clear—because PUCO did not grant or deny the OCC's application for rehearing within 30 days of its December 1, 2023 filing date, the application was denied by operation of law on January 1, 2024. *See Moraine Wind* at ¶ 28, citing R.C. 4903.10(B) and 4903.11.

{¶ 5} The OCC did not file an appeal with this court from the January 1, 2024 denial by operation of law of its rehearing application. Instead, it sought to challenge PUCO's practice of granting itself extensions of the statutory deadline for ruling on a rehearing application: it filed a second application for rehearing on January 4, 2024, arguing that PUCO lacked authority to issue tolling orders. It's not clear why the OCC chose to challenge PUCO's illegal tolling order in this manner rather than file in this court an appeal from the denial by operation of law. But presumably the OCC was influenced by dicta from this court that had suggested that PUCO's practice of issuing tolling orders was permissible. *See Moraine Wind*

at ¶ 13-14 (explaining why the dicta lacked precedential force), citing *State ex rel. Consumers' Counsel v. Pub. Util. Comm.*, 2004-Ohio-2894, ¶ 19.

{¶ 6} When our *Moraine Wind* decision was released, PUCO recognized that its practice of granting itself extensions was impermissible. Accordingly, on September 4, 2024, PUCO journalized an order acknowledging that it lacked statutory authority to issue tolling orders and stating that the OCC's original application for rehearing was denied by operation of law because PUCO hadn't acted on it within 30 days. PUCO then ordered that this and several other cases "be closed of record." 2024 WL 4109993 at *1.

{¶ 7} The OCC filed a third application for rehearing on September 9, 2024. It argued that PUCO had incorrectly determined that *Moraine Wind* applied retroactively and, as a result, that PUCO had effectively eliminated its right to appeal. PUCO denied the OCC's third application on October 2, 2024, concluding that the *Moraine Wind* decision applies to cases in which PUCO had issued tolling orders before *Moraine Wind* was decided. 2024 Ohio PUC LEXIS 1184, *7-8 (Oct. 2, 2024).

{¶ 8} On October 25, the OCC filed its notice of appeal in this court. It indicated that it was appealing PUCO's underlying November 23, 2023 order, as well as PUCO's orders from September 4, 2024, and October 2, 2024. Duke Energy filed a motion to dismiss the appeal, arguing that this court lacks jurisdiction because either (1) *Moraine Wind* applies retroactively and the OCC didn't file its appeal within 60 days of the denial of rehearing by operation of law or (2) *Moraine Wind* doesn't apply retroactively and the OCC's first application for rehearing is still pending before PUCO based on PUCO's December 2023 tolling order.

### *The Plain Text of R.C. 4903.11 Provides a 60-Day Appeal Deadline After PUCO Denies an Application for Rehearing*

{¶ 9} The parties focus their arguments on the question whether *Moraine Wind* should be applied retroactively. But resolution of this motion to dismiss is controlled by the plain terms of the jurisdictional statute.

{¶ 10} A party may appeal a PUCO order to this court by filing a notice of appeal within 60 days "after the date of denial of the application for rehearing by operation of law or of the entry upon the journal of the commission of the order denying an application for rehearing or, if a rehearing is had, of the order made after such rehearing." R.C. 4903.11. That means that an appeal is timely filed if it is filed within 60 days of one of the following triggering events: (1) the date of the application's denial by operation of law, (2) the date of entry upon the journal of the commission of an order denying the application for rehearing, or (3) if rehearing is granted, the date that PUCO issues its order after the rehearing.

{¶ 11} One might presume that in the ordinary case only one triggering event would occur—that an application will be denied either by operation of law or by journal entry, or PUCO will grant the application for rehearing. But this is far from an ordinary case: to correct course after *Moraine Wind*, PUCO journalized an entry making clear that the OCC's application for rehearing was denied by operation of law and closing this case on its docket even after the application had been denied by operation of law.

{¶ 12} Importantly, nothing in the jurisdictional statute provides that the three triggering events for filing a notice of appeal are exclusive. Here, under our reasoning in *Moraine Wind*, the OCC's application for rehearing was denied by operation of law on January 1, 2024. But PUCO also journalized an entry denying the application on September 4, 2024. In that entry, PUCO found that "rehearing ha[d] been denied by operation of law" in this case. 2024 WL 4109993 at *1. And it ordered that the case "be closed of record." *Id.*

**{¶ 13}** That order constitutes an "entry upon the journal of the commission of the order denying an application for rehearing" under R.C. 4903.11. Therefore, the OCC could timely perfect an appeal by filing a notice of appeal with this court within 60 days. It did so when it filed its notice of appeal on October 25, 2024.

**{¶ 14}** The United States Court of Appeals for the District of Columbia reached a similar conclusion in a similar situation when it decided *Environmental Defense Fund v. Fed. Energy Regulatory Comm.*, 2 F.4th 953, 971-972 (D.C.Cir. 2021). Although that decision is not precedential when it comes to our interpretation of state law, it is noteworthy that that court conducted an analysis that is on all fours with our analysis in this case.

**{¶ 15}** Before *Environmental Defense Fund*, the D.C. Circuit concluded in a 2020 case that the Federal Energy Regulatory Commission ("FERC") lacked authority to grant tolling orders that had the effect of extending FERC's statutory deadline to decide applications for rehearing. *Allegheny Defense Project v. Fed. Energy Regulatory Comm.*, 964 F.3d 1, 19 (D.C.Cir. 2020); *see also Moraine Wind*, 2024-Ohio-3224, at ¶ 20-27 (explaining the close parallels between the jurisdictional statutes and agency practices at issue in *Allegheny Defense Project* and *Moraine Wind*).

**{¶ 16}** After *Allegheny Defense Project*, the D.C. Circuit needed to determine whether a party could still appeal if FERC had acted on an application for rehearing after the application had already been denied by operation of law. *See Environmental Defense Fund* at 971-972. In *Environmental Defense Fund*, a party filed an application for rehearing and FERC issued a tolling order before the 30-day denial-by-operation-of-law deadline. *Id.* FERC then waited more than 60 days after the application was denied by operation of law to journalize an order denying the application. *Id.* The party appealed, and an intervenor-respondent argued that the court lacked jurisdiction to hear the appeal because the deadline to appeal had expired before FERC had issued its order denying the application. *Id.*

6

**{¶ 17}** The D.C. Circuit held that, despite the application being denied by operation of law, nothing in the federal jurisdictional statute (which is analogous to the jurisdictional statute at issue here) prohibited the party from appealing FERC's order that would normally trigger the ability to appeal. *Id.*, 2 F.4th at 972. Specifically, because the statute allowed the party to appeal within 60 days "after the order of the Commission upon the application for rehearing," 15 U.S.C. 717r(b), the party could file a timely appeal of such an order even if the application had already been denied by operation of law. *Environmental Defense Fund* at 972.

**{¶ 18}** The same logic applies here.

### *Conclusion*

**{¶ 19}** The OCC's first application for rehearing was denied by operation of law on January 1, 2024, but PUCO subsequently journalized an entry denying the application on September 4. The OCC filed a timely appeal in this court less than 60 days later. We therefore have jurisdiction over the appeal, so we deny Duke Energy's motion to dismiss.

Motion denied.

_____

Maureen R. Willis, Ohio Consumers' Counsel, William J. Michael, Senior Counsel, and John Finnigan, John R. Varanese, and Alex R. Hickey, Assistant Consumers' Counsel, for appellant, Office of the Ohio Consumers' Counsel.

Rocco O. D'Ascenzo and Larisa M. Vaysman; and Taft Stettinius & Hollister, L.L.P., Elizabeth M. Brama, Kodi J. Verhalen, and Ina Avalon, for intervening appellee Duke Energy Ohio, Inc.

Dave Yost, Attorney General, John Jones, Section Chief, and Thomas G. Lindgren and Janet Gregory, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.

_____